**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| TANIA LYNN BAKER, | **:** | |
| | **:** | |
| v. | **:** | |
| | **:** | Civil Action No. CCB-09-2161 |
| TODD COHEN , et. al. | **:** | |
| | **:** | |

...o0o...

## MEMORANDUM

Now pending before the court is defendants' motion to dismiss or, alternatively, for summary judgment. Plaintiff Tania Lynn Baker, representing herself, has sued Todd Cohen, Lasonia McLaine, and Darlene Lorenz, all employees of the Housing Authority of Baltimore City (''HABC'')[1], alleging improper recording of her May 2009 rent payment and unlawfully prohibiting Ms. Baker's fiancé, Edward McDowell, from visiting her home. Ms. Baker's claims presumably arise under the United States Housing Act ("Housing Act"), 42 U.S.C. § 1437 et. seq., which governs public housing agencies such as the HABC. The issues in this case have been fully briefed and no oral argument is necessary. For the reasons stated below, the defendants' motion for summary judgment will be granted.

## BACKGROUND

Ms. Baker is a resident of a property owned by the HABC. She claims that she mailed her May 2009 rent payment to the HABC on May 2, 2009 and that it was received on May 6, 2009. The HABC uses an outside vendor, Direct Mail Processors, Inc. ("Direct Mail"), to process rent payments for its properties. When Direct Mail receives rent payments, it enters the payment into a

---

[1] It is unclear whether Ms. Baker included the HABC as a defendant as well. (*See* Pl.'s Compl. 1.) Given that Ms. Baker never served the HABC with process, however, any claims against the HABC will be dismissed.

spreadsheet and records the postmarked date on the envelope as the date the payment was received. Direct Mail then transmits these spreadsheets to the HABC. Direct Mail's spreadsheet lists May 12, 2009 as the date on which Ms. Baker's May rent payment was received. (*See* Def.'s Mot. Dismiss, Lorenz Aff., Ex. B.) As of May 13, 2009, the HABC had not yet received information from Direct Mail indicating that Ms. Baker had paid her rent. Accordingly, Ms. Lorenz mailed Ms. Baker a "14 Day Notice of Intent to Terminate Lease" letter which informed her that failure to pay her rent would result in the HABC commencing eviction proceedings against her. The letter also stated that "[i]f you have already made your payment in full, disregard this notice." (Def.'s Mot. Dismiss, Lorenz Aff., Ex. A.) The HABC learned on May 18, 2009 that Ms. Baker had already paid her rent. The HABC never charged Ms. Baker a late fee, nor did it file suit to evict her from her home.

At some point prior to July 31, 2009, HABC employees decided to prohibit Mr. McDowell from visiting Ms. Baker.[2] Ms. Baker appealed the policy and on July 31, 2009, HABC Regional Director McLaine reversed it, allowing Mr. McDowell to resume visiting Ms. Baker. On August 25, 2009, Housing Manager Patricia Mack met with Ms. Baker to review her lease and to explain to her that she would be responsible for the conduct of her guests. Ms. Mack's notes from the meeting indicate that Mr. McDowell had previously stood outside of Ms. Baker's apartment building and called for her, which disturbed neighbors. (*See* Def.'s Mot. Dismiss, Mack Aff., Ex. B.)

On August 17, 2009, Ms. Baker filed a complaint in this court, asking the court to lift the prohibition on visits from Mr. McDowell, order future rent payments be "credited, documented, date stamped," and witnessed by a notary, award her damages in the amount of two months of rent,

---

[2] Ms. Baker has not described in her complaint who made this decision to bar Mr. McDowell from entering the building or when the decision was made.

enjoin all housing discrimination, and protect her from being evicted in retaliation for filing suit.[3] (Pl.'s Compl. 3-4.) On September 23, 2009, the defendants filed a motion to dismiss or, alternatively, for summary judgment.

## ANALYSIS

Where matters outside the pleadings are considered by the court, a defendant's motion to dismiss will be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b) & (c); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable

---

[3] Ms. Baker also asked that HABC officials issue her a resident security identification card and that Ms. McLaine and Ms. Mack be prohibited from further slandering her. As Ms. Baker has not alleged slander or any wrongdoing with respect to her identification card in her complaint, the court will not grant these requests for relief. Furthermore, the HABC issued Ms. Baker an identification card on August 25, 2009, rendering this particular request for relief moot. (*See* Def.'s Mot. Dismiss, Mack Aff. ¶ 6.)

inferences in her favor without weighing the evidence or assessing the witnesses' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).[4]

The defendants argue that Ms. Baker's request for the removal of the HABC's prohibition on visits from Mr. McDowell is now moot, as the HABC internally reversed this decision in July 2009. The Supreme Court, however, has held that "[a] defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *See Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000). Although this voluntary cessation doctrine does not apply when "there is no reasonable expectation that the wrong will be repeated," the HABC might well reinstitute its visitation restrictions in the future. *See Incumaa v. Ozmint*, 507 F.3d 281, 288 (4th Cir. 2007) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)).

Nevertheless, Ms. Baker has not alleged any grounds for concluding that the HABC's policy of prohibiting visits from Mr. McDowell was unlawful. Under HUD regulation 24 C.F.R. § 966.4(d)(1), tenants of public housing properties have a right to "reasonable accommodation of their guests." *See Diggs v. Housing Authority of City of Frederick*, 67 F. Supp. 2d 522, 531 (D. Md. 1999) (finding § 966.4(d)(1) to be a valid interpretation of the Housing Act, 42 U.S.C. § 1437d(l)(2), and thus entitled to deference). Ms. Baker has not alleged any facts, however,

---

[4] Ms. Baker, as a pro se plaintiff, was given notice of her rights and responsibilities with regard to the motion for summary judgment filed against her in accordance with the requirements of *Roseboro v. Garrison. See* 528 F.2d 309, 310 (4th Cir. 1975); *see also* docket entry no. 8.

demonstrating that the HABC's decision to refuse entry to Mr. McDowell was unreasonable. To the contrary, Ms. Mack's notes from her meeting with Ms. Baker seem to indicate that Mr. McDowell was prohibited from visiting Ms. Baker after neighbors complained about him yelling to her from outside the apartment building. (*See* Def.'s Mot. Dismiss, Mack Aff., Ex. B.) If this were the reason behind the HABC's the decision to prohibit Mr. McDowell's entry, it would certainly be reasonable. As Ms. Baker has alleged no facts in support of her contention that the HABC's decision to prohibit Mr. McDowell from visiting her home was unlawful, this claim must fail.

Ms. Baker next claims that the defendants improperly recorded the receipt of her May 2009 rent payment. While HABC employees may have mistakenly recorded Ms. Baker's rent payment as late, Ms. Baker has not demonstrated how this mistake was unlawful. Furthermore, Ms. Baker was not harmed by any error the defendants might have made with respect to processing her May rent payment because she was never assessed a late fee and no eviction proceedings were initiated against her. In addition, the letter that Ms. Lorenz sent to Ms. Baker clearly stated that she should "disregard this notice" if she had already fully paid her rent. (Def.'s Mot. Dismiss, Lorenz Aff., Ex. A.) Therefore, the court has no reason to issue an injunction ordering the HABC to keep better track of rent payments or to award Ms. Baker monetary damages equal to two months of rent.

Finally, Ms. Baker seeks a court order enjoining the defendants from evicting her in retaliation for bringing this lawsuit and from engaging in housing discrimination. A plaintiff seeking an injunction must demonstrate that:

> (1) that [she] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*EBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Ms. Baker has failed to allege any facts that indicate she has suffered an irreparable injury or is at risk of suffering a future irreparable injury. The defendants never commenced eviction proceedings against her and there is no reason to believe that they will in the future as long as Ms. Baker continues to pay her rent. Furthermore, there is no evidence that the defendants have taken any discriminatory or retaliatory actions thus far or that they plan to discriminate or retaliate against her at some later point. Ms. Baker's request for an injunction will therefore be denied.

## **CONCLUSION**

For the foregoing reasons, the defendants' motion for summary judgment will be granted.  A separate Order follows.

December 29, 2009                                              _____/s/_____
Date                                                                     Catherine C. Blake
                                                                            United States District Judge